Filed 6/12/23  P. v. Williams CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES WILLIAMS,<br><br>    Defendant and Appellant. | C092951<br><br>(Super. Ct. No. 10F03247)<br><br>OPINION ON TRANSFER |

Defendant, Charles Williams, was convicted of first degree murder after he ended a personal dispute with competing pimp Marcel Hatch by shooting him during a drive-by assassination.  (*People v. Williams* (Jan. 30, 2012, C067736) [nonpub. opn.] (*Williams*).)  We upheld this conviction in an unpublished decision in 2012.  (*Ibid*.)  Following the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), defendant sought resentencing under former Penal Code section 1170.95 (statutory section citations that follow are to the Penal Code), which the trial court denied.

Defendant's counsel filed a no issues brief under *People v. Wende* (1979) 25 Cal.3d 436, and defendant filed a pro. per. supplemental brief essentially rearguing the sufficiency of the evidence at trial to support his conviction.  In an unpublished opinion, we dismissed defendant's appeal as abandoned without addressing the arguments

1

contained within defendant's supplemental brief. (*People v. Williams* (Sept. 20, 2021; C092951) [unpub. opn.].)

Defendant petitioned our Supreme Court for review; that court has now directed us to vacate the prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216. On April 18, 2023, this court sent a letter notifying defendant: (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider.

On May 1, 2023, defendant filed a supplemental brief again attacking the sufficiency of the evidence at trial supporting his murder conviction, alleging possible prosecutorial misconduct, attacking the denial of a motion to continue his original trial, and complaining about post-conviction discovery proceedings. Defendant also argued his case must be remanded for an evidentiary hearing under *People v. Maldonado* (2023) 87 Cal.App.5th 1257. Having considered defendant's arguments, we will affirm the trial court's denial of defendant's petition.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95

2

to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors. (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

"Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*People v. Strong* (2022) 13 Cal.5th 698, 710 (*Strong*).) The unavailability of former section 1170.95 relief to actual killers has been uniformly upheld by courts of this state. (*Strong*, at p. 710; see, e.g., *People v. Garcia* (2022) 82 Cal.App.5th 956, 972-973; *People v. Harden* (2022) 81 Cal.App.5th 45, 59-60; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [actual killer convicted of second degree murder ineligible for relief], abrogated on another point in *People v. Lewis* (2021) 11 Cal.5th 952, 961-962.)

At first blush, the record of conviction appears to show defendant was the actual killer (*People v. Williams*, *supra*, (C067736)) and thus ineligible for relief as a matter of law. (*Strong*, *supra*, 13 Cal.5th at p. 710; *People v. Garcia*, *supra*, 82 Cal.App.5th at p. 972-973.) Defendant's suggestion otherwise is contrary to that record and is inconsistent with his arguments in his first appeal that the jury should have been instructed on the lesser included offense of voluntary manslaughter because he had been provoked prior to his shooting the victim.

3

(*People v. Williams*, *supra*, (C067736) pp. 5-10.) It is also inconsistent with the jury's determination that defendant intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).

However, in light of the aiding and abetting instructions given to the jury (a theory of guilt inconsistent with defendant being the actual killer), we will determine whether the jury instructions and jury's findings preclude defendant's eligibility for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) We conclude they do.

Here, the trial court instructed the jury on two forms of first degree murder: (1) deliberate, premeditated murder and (2) murder from a motor vehicle. In order to find defendant guilty of first degree murder, the instructions for both these theories required the jury to determine that defendant intended to kill the victim. (See CALCRIM No. 521.) This was also true of the aiding and abetting instructions given, which stated in pertinent part "In order to convict the defendant of murder under the theory of aiding and abetting, the aider and abettor must share the requisite specific intent with the perpetrator, as defined in the instructions for murder." Thus, once the jury found defendant guilty of first degree murder (§ 187, subd. (a)), it necessarily determined he had acted with the intent to kill, thus refuting defendant's allegations that he was eligible for relief as a matter of law. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

Moreover, defendant is not aided by *People v. Maldonado*, *supra*, 87 Cal.App.5th 1257. Without commenting on the propriety of the analysis of *Maldonado,* we find that case distinguishable. Unlike the instructions in *Maldonado*, which presented a theory of murder that did not require the jury to determine that defendant intended to kill (*id*. at p. 1266); here, the jury did necessarily determine defendant intended to kill.

4

Defendant's remaining arguments: (1) attacking the sufficiency of the evidence supporting his original murder conviction; (2) complaining of possible prosecutorial misconduct; (3) attacking the denial of a motion to continue his original trial; and (4) complaining about post-conviction discovery proceedings are not cognizable in this appeal. Only the propriety of the trial court's section 1172.6 determination is before us. (See *Strong*, *supra*, 13 Cal.5th at pp. 713-714 [resentencing under 1172.6 involves "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding"]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"], abrogated on another ground by *People v. Lewis*, *supra*, 11 Cal.5th at p. 962.)

## DISPOSITION

The trial court's postjugment order is affirmed.


_____
                              HULL, Acting P. J.


We concur:



_____
DUARTE, J.



_____
KRAUSE, J.